# UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA
# FLORENCE DIVISION

| | | |
|---|---|---|
| Susan Q. Smith, | ) | Civil Action No.: |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **COMPLAINT** |
| | ) | (Jury Trial Demanded) |
| | ) | |
| Walmart, Inc., and | ) | |
| John Doe Company No. 1, | ) | |
| | ) | |
| Defendants. | ) | |

The Plaintiff would respectfully show this Honorable Court that:

## JURISDICTION AND VENUE

1. Plaintiff Susan Q. Smith is a resident and citizen of Fairfield County, South Carolina.

2. That upon information and belief, Defendant Walmart, Inc. ("Walmart") was at all times relevant to this Complaint a Delaware based corporation licensed to do business in the State of South Carolina, engaged in the business of selling consumer goods. Defendant Walmart is vicariously liable for the acts and/or omissions of its employees, agents and/or servants under the doctrine of respondeat superior.

3. That upon information and belief, Defendant John Doe Company No. 1 is a company, the name and address of which is unknown at this time. That upon information and belief, Defendant John Doe Company No. 1 may have owned, constructed, maintained and/or developed the property located at or about 545 Garden City Connector, Murrells Inlet, South Carolina 29576. Defendant John Doe Company No. 1 is vicariously liable for the acts and/or omissions of its employees, agents and/or servants under the doctrine of respondeat superior.

4.	The parties to this action and the acts and omissions complained of herein are subject to the jurisdiction of this Court and venue is proper.

## FACTUAL ALLEGATIONS

5.	On July 20, 2018, Plaintiff Smith was a business invitee using a parking lot located at or about 545 Garden City Connector, Murrells Inlet, South Carolina 29576 that is owned, maintained, constructed, and/or developed by Defendants. Plaintiff parked, exited her vehicle, and headed towards the store.  As Plaintiff was walking towards the store, she stepped onto a painted line on the surface of parking lot. The painted line was slick from rain and caused Plaintiff to violently all to the ground.  Upon information and belief, the parking lot containing the painted line was constructed, owned, developed and/or maintained by Defendants.

6.	The area around the wet painted line did not contain any warning signs or barriers for customers.

7.	As a result of this incident, Plaintiff sustained serious injuries to her left leg, all of which have caused her to suffer and endure considerable pain and discomfort.  Plaintiff has been compelled to expend significant sums of monies for medical treatments and for the services of medical providers under whose care she has been and under whose care, she may, upon information and belief, be compelled to be in the future and she may, upon information and belief, also be compelled to expend additional monies for further medical and doctors' treatment required in the future.  Plaintiff has and will continue to be prevented from attending to her ordinary affairs and duties; she has, upon information and belief, been and will continue to be deprived of the normal enjoyments of life she otherwise would have; and she, upon information and belief, may continue to endure discomforting pain and suffering which she otherwise would not have, and she has been otherwise injured and damaged.

8.  As a result of this incident, Plaintiff has incurred actual damages, lost wages, lost earning capacity, compensatory damages, medical expenses, emotional distress, consequential damages, financial harm, permanent injury, and impairment of health and bodily efficiency.

## **FOR A FIRST CAUSE OF ACTION**

### **(Negligence)**

9.  Plaintiff restates and realleges each and every allegation as if repeated herein verbatim.

10. Defendants, their employees, servants, subcontractors, owners, contractors and/or agents had a duty to construct, develop, and maintain the parking lot in a reasonably safe condition, in compliance with industry standards, and in a good and workmanlike manner.

11. Defendants, their employees, servants, agents, subcontractors, owners contractors and/or agents were negligent, careless, reckless, grossly negligent, willful and wanton in the following particulars:

   a. In failing to maintain adequately safe conditions on its premises;

   b. In failing to protect Plaintiff from safety hazards;

   c. In failing to take remedial action to eliminate the safety hazard;

   d. In creating a hazardous condition;

   e. In failing to warn Plaintiff of any safety hazards;

   f. In failing to place warning signs around the hazardous area;

   g. In creating a hazardous condition;

   h. In failing to follow established safety procedures or policies, or alternatively, in failing to have safety procedures and policies; and

      i.      In failing to hire competent and/or qualified subcontractors;

      j.      In failing to properly maintain the parking lot;

      k.      In failing to properly maintain the parking lot; and

      l.      In such other and further particulars as may be ascertained during the course of discovery or trial of this case.

12.    That as a direct and proximate result of the negligence, gross negligence, carelessness, willfulness, and wantonness of Defendants, their officers, employees, contractors, subcontractors, agents, and/or servants, Plaintiff suffered injuries, actual, direct, incidental, and consequential damages. Defendants are vicariously liable for the negligence of their employees, agents, contractors, owners, subcontractors and/or servants under the doctrine of respondeat superior. Plaintiff seeks actual and punitive damages under this cause of action.

## FOR A SECOND CAUSE OF ACTION

### (Negligent Hiring, Training, Supervision and Retention)

13.    Plaintiff restates and realleges each and every allegation as if repeated herein verbatim.

14.    Plaintiff is informed and believes that Defendants were negligent, careless, reckless, wanton, and grossly negligent at the time and place hereinabove mentioned in the following particulars:

      a.      In failing to have in place policies and procedures to train, supervise and/or retain their employees, contractors, agents, and/or subcontractors or if such procedures were in place, in failing to enforce them;

      b.      In failing to have in place adequate policies and procedures to mandate compliance by their employees, agents, contractors and/or subcontractors with regulations, policies, procedures and standards related to the maintenance of the parking lot and if such procedures were in place, in failing to enforce them;

  c. In failing to ensure that their employees, agents, contractors, subcontractors and/or servants had the proper training and experience to be able to safely maintain the parking lot in a manner and at a level that met or exceeded recognized standards, policies, regulations, codes and/or procedures.

  d. In generally failing to use the degree of care and caution that should have used under the same or similar circumstances.

15. That because of the acts and/or omissions of Defendants as enumerated hereinabove which resulted both proximately and directly in the damages also set out above, Plaintiff seeks actual damages against the Defendants as well as punitive damages.

## JURY DEMAND

16. Plaintiff demands that all causes of action that may be tried before a jury be so tried.

**WHEREFORE**, Plaintiff prays for judgment against Defendants in a sum sufficient to adequately compensate her for actual damages, punitive damages, the costs of this action, pre-judgment interest, post-judgment interest, and any relief a jury may award, and for such other and further relief as this court may deem just and proper.

    MIKE KELLY LAW GROUP, LLC

  BY: /s/ Karlen K. Senn
    Karlen K. Senn
    Fed. Id. No. 12860
    ksenn@mklawgroup.com
    1523 Huger Street, Suite A (29201)
    P.O. Box 8113
    Columbia, SC 29202
    803/726-0123
    Attorney for Plaintiff

Columbia, South Carolina
September 22, 2020